**The PEOPLE of the State of Colorado, Complainant,**

v.

**W. Robert AWENIUS, Attorney-Respondent.**

**No. 82SA290.**

Supreme Court of Colorado, En Banc.

Nov. 8, 1982.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

W. Robert Awenius, pro se.

LEE, Justice.

This proceeding in discipline has been submitted to this court by the stipulation of the respondent, W. Robert Awenius, under which he has admitted the factual basis for the charges of unprofessional conduct hereinafter set forth.

The respondent was admitted to the practice of law in the State of Colorado on December 11, 1962, and is registered as an attorney upon the official records of the Colorado Supreme Court, and is therefore subject to the jurisdiction of this court.

The formal complaint in discipline charged the respondent with three counts of unprofessional conduct. The respondent

by his answer has admitted the allegations of the complaint which charged him as follows:

## COUNT I

On or about January 31, 1977, respondent filed a Chapter XIII Petition for Bankruptcy before the Bankruptcy Court, United States District Court for the District of Colorado, No. 79B105, on behalf of Robert G. Senner. During the pendency of the bankruptcy proceeding, respondent also represented Priscilla R. Senner, Robert's wife, in a dissolution of marriage action involving disputed property and child custody issues.

On or about October 20, 1978, respondent petitioned the court for an order authorizing the transfer of Mr. Senner's interest in the family home to Mrs. Senner. Mr. Senner's share in the home equity was worth approximately $16,500, an amount more than the debt he was seeking to eliminate through bankruptcy. On or about November 17, 1978, the bankruptcy court denied the petition on the grounds that the transaction could become disadvantageous to Mr. Senner's creditors, and the court ordered any such transfer barred.

Approximately ten days after the court entered its order, respondent prepared a quit claim deed transferring all of Mr. Senner's interest in the house to Mrs. Senner. The deed was executed on or about November 27, 1978. These acts were directly contradictory to the court's order.

In addition, respondent did not disclose the transfer until approximately January 20, 1979, over two months later, in a phone conversation with the Bankruptcy Trustee.

The foregoing conduct of the respondent violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and also violates the Code of Professional Responsibility, DR1–102(A)(4), (5), (6); DR7–102(A)(7); DR7–102(B)(1); and DR7–106(A).

## COUNT II

Respondent, while representing Robert G. Senner in a bankruptcy proceeding, also represented Senner's wife, Priscilla, in a dissolution action.

When the matter of the property transfer became an issue in the bankruptcy proceeding, the interests of respondent's clients were conflicting. It was in the best interests of Mr. Senner and his creditors for the transfer not to take place. It was in the best interests of Mrs. Senner for the transfer of the property to her to occur. Respondent, however, continued to represent both clients.

The foregoing conduct of the respondent violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and also violates the Code of Professional Responsibility, DR1–102(A)(6) and DR5–105(B).

## COUNT III

On or about April 17, 1981, because of the same bankruptcy incident, respondent was disbarred from the practice of law in the United States District Court for the District of Colorado.

The foregoing conduct violates Rule 241.6 and Rule 241.17 of the Colorado Supreme Court Rules concerning discipline of attorneys.

The Supreme Court Grievance Committee Hearing Board accepted the stipulation of professional misconduct and in addition heard testimony from the respondent and recommended appropriate discipline to the Grievance Committee.

The Grievance Committee considered the findings of fact, conclusions of law, and the board's recommendation of discipline, together with matters submitted by the respondent in mitigation of his unprofessional conduct, and the committee recommended to this court that the respondent be suspended from the practice of law for eighteen months.

The respondent has elected not to file exceptions to findings, conclusions, and recommendations of the Supreme Court Grievance Committee.

This court determines that the respondent's stipulation provides a factual basis

for his admission of professional misconduct and we adopt the findings of fact, conclusions of law, and the disciplinary recommendation of the Grievance Committee. Respondent's conduct violates the highest standards of honesty, justice, and morality and reflects adversely on the integrity of the legal profession.

It is therefore ordered that respondent be suspended from the practice of law for a period of eighteen months from the date hereof. The respondent shall not be reinstated to the practice of law until he has proven by clear and convincing evidence that he has rehabilitated himself and has complied with all applicable provisions of Rule 241.22 pertaining to reinstatement of attorneys after suspension.

It is further ordered that the respondent shall pay to the Supreme Court Grievance Committee, 190 East Ninth Avenue, Denver, Colorado 80203, the costs of this proceeding in the sum of $268.14 within 60 days of the date hereof.